■ Joseph Biega, Individually and as Administrator of the Estate of Helen Biega, Deceased, Appellant, v Ellis Hospital

et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered February 11, 1985 in Schenectady County, which denied plaintiff's motion to vacate a default.

On October 23, 1978, plaintiff's decedent was admitted to defendant Ellis Hospital for a surgical procedure on her left hip. The surgery was performed on October 26, 1978. Decedent died on November 25, 1978. In June 1979, plaintiff commenced an action for the wrongful death and pain and suffering of decedent based on the alleged medical malpractice and negligence of the various defendants. After issue was joined in May 1980 and bills of particulars were served pursuant to the demands of defendants, examinations before trial were held. In July 1983, some four years later, after numerous delays in the prosecution of this action, 90-day notices in accordance with CPLR 3216 were served on plaintiff's attorneys by all defendants except James B. Bell. On August 31, 1983, plaintiff moved to strike the 90-day notice and to direct defendants John Lambrukous and Ralph Quade to appear for examination before trial. Special Term granted plaintiff's motion to the extent that the depositions of Lambrukous and Quade were ordered to be scheduled and that plaintiff was directed to file the note of issue within 90 days of service of the order. The order was served upon all parties on October 23, 1983. Defendants complied with the order by producing Lambrukous and Quade for examination on January 16, 1984. Plaintiff failed to file a note of issue within the 90-day period following service of the order. Rather, on February 8, 1984, plaintiff moved for an order directing defendant Arthur W. Larson to appear for a deposition and extending the 90-day notice. Special Term granted the motion by directing Larson to appear for examination and staying the 90-day notice. An order implementing this decision was never submitted for signature. Further, no effort was made by plaintiff to schedule Larson's deposition.

Finally, by motion dated November 24, 1984, defendants John M. Spring and Larson moved to dismiss pursuant to CPLR 3216. The other defendants moved for similar relief by cross motion. None of the moving defendants ever received any opposition to their motion. On the return date, December 13, 1984, plaintiff requested an adjournment of the motion. Special Term denied plaintiff's request and granted defendants' motion to dismiss. By order to show cause dated December 19, 1984, plaintiff moved pursuant to CPLR 5015 to vacate the default and, upon vacatur, to deny defendants' motions,

direct Larson to appear for examination and extend plaintiff's time to file a note of issue. Special Term denied the motion to vacate and this appeal by plaintiff ensued.

To prevail on a motion to vacate a default, the defaulting party has the burden of demonstrating a valid excuse for the default, an absence of willfulness and the existence of a meritorious claim *(Picotte Realty v Aragona,* 87 AD2d 955; *Cohen v Levy,* 50 AD2d 1039). The determination of whether the defaulting party has sufficiently satisfied its burden is within the sound discretion of Special Term *(Bernard v City School Dist.,* 96 AD2d 995). Here, in support of his application to vacate the default, plaintiff states that he believed the motions would be adjourned so that he would have an opportunity to submit his own cross motion and, further, he had only been given a minimal opportunity to respond. This view of proper motion practice falls far short of constituting a valid excuse for the default, particularly in light of the chronology of events. The original motion seeking dismissal of the complaint was served on November 15, 1984. The cross motion seeking similar relief on behalf of defendants Ellis Hospital, Vincent Luvera, Quade and Lambrukous was served on November 27, 1984, 16 days prior to the return date of the motions. The record is devoid of any reason offered by plaintiff for its failure to serve any papers in opposition to the motions. Instead, local counsel appeared and sought adjournment of the motions. Further, in addition to plaintiff's failure to respond to the motion to dismiss returnable on December 13, 1984, he never satisfactorily explained his failure to prepare an order for the signature of Special Term when his motion to stay the CPLR 3216 90-day order was orally granted from the Bench on February 8, 1984, as well as his failure to file a note of issue as required by the order served on all parties on October 23, 1983.

In determining that the default of plaintiff should not be vacated and that the case should be dismissed for failure to prosecute, Special Term noted that it was not relying upon a single incident, but on the totality of the circumstances which we have particularized above *(see, Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865). We concur.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.