■ CATHERINE NUTTING et al., Respondents-Appellants, v ASSOCIATES IN OBSTETRICS AND GYNECOLOGY, P. C., et al., Appellants-Respondents.—Harvey, J. Cross appeals from an amended order of the Supreme Court (Conway, J.), entered August 14, 1986 in Saratoga County, which, upon granting defendants' motion to renew, adhered to its original decision vacating plaintiffs' default and the dismissal of their complaint.

Plaintiffs commenced a medical malpractice action against defendants in May 1984. The action is based upon injuries sustained by plaintiff Catherine Nutting (hereinafter plaintiff) when an intrauterine device known as a "Lippe's Loop", which was inserted by defendants, penetrated her uterine wall. Plaintiffs' failure to comply with defendants' discovery demands resulted in the granting of a conditional order of dismissal. Plaintiffs failed to meet the conditions and thus the action was dismissed. Plaintiffs later moved to vacate their default. Supreme Court granted plaintiffs' motion finding that law office failure provided a reasonable excuse for the default and that no affidavit of merits was necessary from an expert since the claimed malpractice was within the ordinary knowledge and experience of a lay person. Approximately three months later, defendants moved to reargue and/or renew, submitting an affidavit from a medical doctor stating that the average lay person would not be able to conclude from his ordinary knowledge whether plaintiffs' damages were caused by medical malpractice. Treating the motion as one to renew, Supreme Court granted the motion; however, the court was unpersuaded by the new evidence and thus adhered to its original decision. The court noted that the medical affidavit submitted by defendants buttressed plaintiff's affidavit. Defendants appealed from so much of the order as vacated plaintiffs' default. Plaintiffs cross-appealed from the portion of the order which allowed renewal.

We consider first whether Supreme Court abused its discretion in granting defendants' motion to renew. A motion to renew must be based upon additional material facts and the proponent of the motion should offer a valid excuse for not submitting the additional information upon the original application *(see, McRory v Craft Architectural Metals Corp.,* 112

AD2d 358; *Foley v Roche,* 68 AD2d 558, 568). Additional facts were provided by the affidavit in which a medical doctor attested that it was not within the ordinary knowledge of a lay person to determine whether the alleged injuries were caused by malpractice. The excuse proffered for not originally submitting this information was that defendants reasonably believed that plaintiffs' failure to provide any affidavit of merits from a medical expert would, pursuant to generally accepted law, preclude them from successfully vacating the default. We conclude that Supreme Court's acceptance of this excuse and granting of the motion to renew was not an abuse of discretion.

Next, we consider whether Supreme Court erred in adhering to its decision to grant plaintiffs' motion to vacate their default. In order to be excused from their default, plaintiffs were required to submit an affidavit of merits and a valid reason for their default *(see, La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014; *see also, Egan v Federated Dept. Stores,* 108 AD2d 718). As an excuse for their default, plaintiffs' attorney submitted an affidavit attesting to the existence of an inadvertent oversight in the law office as the reason for the failure to comply with the conditions of the discovery order in a timely fashion. Plaintiffs' attorney stated that the response had been prepared but was inadvertently filed rather than mailed and that as soon as the mistake was discovered attempts were made to rectify it. Supreme Court's acceptance of this excuse was not an abuse of discretion *(see,* CPLR 2005; *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695; *Paoli v Sullcraft Mfg. Co.,* 104 AD2d 333).

Regarding the merits of the action, generally the failure to provide an affidavit of merits from an expert is fatal in a medical malpractice action unless the matters are within the ordinary experience and knowledge of lay persons *(see, e.g., Fiore v Galang,* 64 NY2d 999; *Quigley v Jabbur,* 124 AD2d 398). Here, plaintiffs failed to provide an affidavit of merits from a qualified expert. One of the theories of malpractice asserted by plaintiffs, however, was based on the allegation that defendants failed to fully warn plaintiff of the risks involved with the use of a Lippe's Loop. Indeed, in an affidavit submitted by plaintiff, she states that defendants failed to "instruct and warn me as to the advisability of and the potential problems resulting from an intrauterine device". The affidavit submitted by defendants' expert stated that penetration of the uterine wall "is a well-recognized complica-

tion associated with the Lippe's Loop device". We agree with Supreme Court's conclusion that this information provided competent medical evidence which buttressed plaintiff's claim that she was not fully informed of the potential risks related to the use of a Lippe's Loop. Thus, to the extent that plaintiffs base their action upon the alleged failure of defendants to provide full information of the risks of the procedure, we agree with Supreme Court's determination that the proof presented sufficiently established a potentially meritorious case. However, with regard to the other allegations of malpractice, plaintiffs failed to tender sufficient evidence of merit and the allegations are not the type within the common knowledge and experience of a lay person. Hence, the order must be modified to allow the vacatur of plaintiffs' default only as to the allegation that plaintiff was not fully informed of the risks involved with a Lippe's Loop.

Order modified, on the law, without costs, by reversing so much thereof as vacated the prior dismissal of plaintiffs' action and complaint except insofar as it alleges that plaintiff Catherine Nutting was not fully informed of the risks involved with a Lippe's Loop, and, as so modified, affirmed. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.