■ JOHN R. NICHOLS, Appellant, v AGENTS SERVICE CORPORA-

TION, Respondent, et al., Defendants.—Harvey, J. Appeal from an order and judgment of the Supreme Court (Brown, J.), entered October 24, 1986 in Saratoga County, which granted defendant Agents Service Corporation's motion to dismiss the complaint for want of prosecution.

In 1980, plaintiff obtained an automobile insurance policy through defendant Howard Cline Agency. The policy was issued by defendant Nationwide Mutual Insurance Company and financed by defendant Agents Service Corporation. A dispute developed as to the amount of the premium and plaintiff discontinued payments due on the premium. As a result, Nationwide canceled his policy on September 30, 1980. Plaintiff was involved in an automobile accident in October 1980.

Alleging that he had not been notified that his policy had been canceled, plaintiff commenced this action by service of a summons with notice in September 1983. Agents served a notice of appearance and demand for a complaint on December 8, 1983. Following delays by plaintiff, a complaint was served pursuant to a court order on April 12, 1984. Agents answered on April 20, 1984. Agents' attempts at discovery were frustrated by plaintiff's lack of cooperation and necessitated the obtaining of several court orders.

On April 12, 1986, Agents served a written demand that plaintiff file a note of issue within 90 days. Plaintiff failed to comply with the demand and, in August 1986, Agents moved to dismiss the complaint for failure to prosecute pursuant to CPLR 3216. Plaintiff sought and was granted an extension of time in which to oppose the motion to dismiss. Plaintiff finally opposed the motion upon the ground that a secretary in his attorney's office had allegedly misplaced the 90-day demand and thus that his failure to comply was justifiable law office failure. Supreme Court found that the excuse offered by plaintiff was insufficient and thus granted Agents' motion. Plaintiff appeals.

In order to avoid dismissal for failure to comply with a 90-day demand plaintiff must show both a justifiable excuse for his delay and that he has a meritorious cause of action (see, CPLR 3216 [e]; *Aquilino v Adirondack Tr. Lines,* 97 AD2d 929). It is well settled that law office failure can constitute a justifiable excuse (see, e.g., CPLR 2005; *Miskiewicz v Hartley Rest. Corp.,* 58 NY2d 963). Further, it is within Supreme Court's discretion to consider secretarial error as a relevant factor in determining whether a justifiable excuse has been established (see, *Nutting v Associates in Obstetrics & Gynecol-*

*ogy,* 130 AD2d 870). However, no single factor is determinative and the court must consider the totality of the relevant circumstances *(Biega v Ellis Hosp.,* 115 AD2d 880, 882; *Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865, 866).

Here, plaintiff has failed to pursue this lawsuit with any diligence since the service of the summons with notice. His dilatory tactics and apparent lack of interest have resulted in defendant's having to obtain numerous court orders for routine matters which should not generally require judicial intervention. Against this background, we do not believe that Supreme Court abused its discretion in finding that plaintiff's sole excuse of secretarial error was insufficient to constitute a justifiable excuse *(see, Riley v Makowski,* 92 AD2d 664). We further note that the broadly worded affidavit in support of the merits of the lawsuit was of dubious value.

Order and judgment affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.