■ HENRY WATTSON, Appellant, v TMC HOLDINGS CORPORATION, Respondent.—Order, Supreme Court, New York County (Edith Miller, J.), entered October 14, 1986, which denied plaintiff's motion for reargument and renewal of the prior order of the court entered September 5, 1986, which had granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion to amend the complaint, is

brought up for review by the appeal from the prior order pursuant to CPLR 5517 (b). Insofar as reviewed, the order is reversed, on the law and facts and as an exercise of discretion, renewal granted, and, upon renewal, the cross motion for leave to amend the complaint is granted, without costs. The appeal from the order of the same court, entered September 5, 1986, is dismissed as superseded by the order entered October 14, 1986, without costs.

Plaintiff entered into a service contract with defendant's predecessor on October 21, 1981 whereby he was to perform certain computer systems analysis services and be paid $50,000 upon defendant's completion of the entire project. Simultaneously, plaintiff borrowed $50,000 from defendant's predecessor and signed a promissory note in that amount, due in January 1982, and subsequently extended, with an alleged oral understanding that the $50,000 due under the note was to be paid with the $50,000 due plaintiff upon completion of the project. Disputes apparently arose between the parties and plaintiff signed a "termination agreement" in May 1982 which released the parties from their mutual obligations under the contract and in which plaintiff acknowledged his outstanding obligation under the promissory note. In a related action, defendant obtained a judgment against plaintiff for the value of the note, plus interest, costs, and attorney's fees.

Plaintiff's complaint herein alleges that he was fraudulently induced into signing the "termination agreement" at a time when unbeknownst to him the project was in fact completed and he was thereby owed $50,000 under the contract. The first cause of action alleges fraud and breach of contract and seeks $50,000 in damages. The second cause of action repeats the allegations of fraud and breach of contract and asserts that as a result he was fraudulently induced to litigate the matter of the note and suffer additional damages. A third cause of action asserts an independent claim for punitive damages.

Defendant moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and for failure to state in detail the circumstances of the fraud pursuant to CPLR 3016 (b). In response, plaintiff's new attorney cross-moved for leave to amend the complaint pursuant to CPLR 3025, supported only by the attorney's affirmation together with a copy of the proposed amended complaint. Counsel candidly admitted that the rather bare-bones and inartfully pleaded complaint was deficient and offered to cure the defects in the proposed amended complaint. The new complaint clearly set forth the claim and the evidence upon

which it would rely with sufficient detail and articulated the specifics of the alleged fraud and misrepresentation. The amended complaint also eliminated the patently improper separate cause of action for punitive damages, and added a claim for the quantum meruit value of plaintiff's services.

The IAS Justice, in her decision granting the motion to dismiss and denying the cross motion to amend, expressly found that the proposed amended complaint "cures the CPLR 3016 (b) problem of the original complaint", and met the stated requisites of pleading the causes of action. Nevertheless, the IAS Justice treated the cross motion as in effect one for leave to replead a dismissed complaint pursuant to CPLR 3211 (e) and held that the plaintiff's application lacked a sufficient evidentiary showing to support the claim, notwithstanding that it remedied the defects complained of by the defendant.

Consequently, plaintiff attempted to cure this perceived procedural deficiency in a motion to renew or reargue the order. Plaintiff promptly submitted the affidavits of the plaintiff himself and of one Philip Bertrand, a consultant to the defendant with personal knowledge of facts, reiterating with the force of evidentiary detail the allegations of the proposed amended complaint. Counsel explained that he did not submit these affidavits on the original motion under the belief that, in a proceeding under CPLR 3025 (b), a copy of the proposed pleading alone was sufficient. The court denied the motion for renewal without comment.

It is axiomatic in accordance with our liberal rules of pleading that leave to amend a complaint should be freely granted provided that the amendment is sought in good faith and that no prejudice or surprise will result to the adverse party. The requirements for obtaining leave to amend a pleading pursuant to CPLR 3211 (e) additionally include an evidentiary demonstration to satisfy the court that the party has "good ground to support his cause of action". *(Cushman & Wakefield v John David, Inc.,* 25 AD2d 133.)

The affidavits submitted on this renewal motion clearly meet the standards of the seminal *Cushman & Wakefield* case. On this record and under the circumstances present here, leave to replead should have been granted since the proposed amended complaint adequately states a cause of action. Moreover, since the underlying facts were already well known to the defendant, there cannot be any claim of undue prejudice or surprise.

As we have frequently noted, cases should be decided on the merits, wherever possible, and not on the basis of technical procedural requirements. Accordingly, in this case, renewal should have been granted, and, upon renewal, plaintiff should have been accorded leave to amend the complaint. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.