■ CECELIA M. JOHNSON, Appellant, v MARRIOTT MANAGEMENT SERVICES CORP. et al., Respondents, et al., Defendants. [843 NYS2d 291]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 5, 2006, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants met their initial burden by making a prima facie showing that plaintiff did not sustain a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Defendants submitted, inter alia, an affidavit of a board-certified neurologist, who reviewed plaintiff's medical records, examined her and performed range of motion tests before concluding that there was no neurological disorder consequent

to the instant motor vehicle accident. The affidavit of plaintiff's chiropractor failed to demonstrate that the cervical disc herniations or any other injury plaintiff suffered were causally related to the accident and were not, instead, related to a prior injury or degenerative condition (*see Shinn v Catanzaro*, 1 AD3d 195, 198 [2003]). Plaintiff also failed to explain the two-to-three-year gap in her treatment (*Pommells v Perez*, 4 NY3d 566, 574 [2005]).

Defendants similarly made a prima facie showing that plaintiff did not sustain a nonpermanent injury which prevented her from performing substantially her usual and customary daily activities for not less than 90 days during the 180 days immediately following her accident (Insurance Law § 5102 [d]). Defendants' submissions included the opinion of the neurologist, plaintiff's medical records and a copy of plaintiff's bill of particulars in which she stated that she was only confined to bed for two weeks following the accident (*see Copeland v Kasalica*, 6 AD3d 253 [2004]). In opposition, plaintiff failed to provide objective, admissible evidence of the persistence of her injury during the statutorily relevant period, and her subjective statements are insufficient to create a triable issue regarding whether she sustained a serious injury under the 90/180-day category (*see Nelson v Distant*, 308 AD2d 338, 339-340 [2003]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.