■ CHONG SIM KIM et al., Appellants, v CARLOS AMAYA, Defendant, and CHRYSLER FINANCIAL, Respondent. [857 NYS2d 140]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 29, 2007, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Chrysler Financial for summary judgment dismissing the complaint on the ground that plaintiff Chong Sim Kim did not sustain a serious injury as defined by Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendant established a prima facie entitlement to summary judgment by submitting affirmed reports of a neurologist and an orthopedist, who reviewed plaintiff's prior medical records, examined her and performed objective tests before concluding that plaintiff was neurologically intact, had no meaningful limitation of use of her cervical or lumbar spine, and that the findings on the MRI films and X rays were degenerative in nature and not the result of the subject car accident (*see Gaddy v Eyler*, 79 NY2d 955 [1992]).

Plaintiff's opposition failed to raise a triable issue of fact as to whether a serious injury was sustained within the meaning of the Insurance Law. The affirmed report from the physician who examined plaintiff more than three years after the accident, fails to provide a causal connection between the alleged injuries and the accident (*see Montgomery v Pena*, 19 AD3d 288, 289-290 [2005]), and does not account for the degenerative changes that the MRI films revealed (*see Mullings v Huntwork*, 26 AD3d 214, 216 [2006]). Plaintiff also failed to provide a reasonable explanation as to why she terminated treatment at the end of 2002 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Furthermore, plaintiff did not raise a triable issue of fact in the form of competent objective evidence substantiating her 90/180-day claim (*see Johnson v Marriott Mgt. Servs. Corp.*, 44 AD3d 450 [2007]).

The cause of action for intentional infliction of emotional distress was properly dismissed because the allegations upon which the claim is based are not "sufficiently outrageous" to support the cause of action (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Renwick, JJ.