■ JAIME EICHINGER, Respondent-Appellant, v JONE CAB CORP. et al., Defendants, and IVAN HOLDING CORP. et al., Appellants-Respondents. [865 NYS2d 89]—

Order, Supreme Court, Bronx County (Alan Saks, J.), entered on or about March 17, 2008, which denied so much of defendants' motion for summary judgment dismissing the complaint as to the allegation of serious injury regarding lumbar spine bulges at L4-L5, and granted the motion with respect to all other allegations, unanimously modified, on the law, without costs, the motion granted in its entirety, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Defendants made a prima facie showing, based on the quantified findings in the examination reports of their orthopedic surgeon and neurologist, that plaintiff had a full range of motion in her lumbar spine (*see e.g. Style v Joseph*, 32 AD3d 212, 214 [2006]). Related tests by these experts revealed no motor or gait deficiencies, leading to the conclusion that plaintiff was not disabled. In opposition, plaintiff's proof failed to raise a triable issue as to serious injury of the lumbar spine. The minimal lumbar range-of-motion deficits noted by plaintiff's neurologist, Dr. Hausknecht, contradicted by the results of other tests he conducted (including a negative result on a seated straight-leg-raising test), indicated no serious injury to the lumbar spine.

The 14-month gap in treatment underscores the lack of evidence of serious injury to plaintiff's lumbar spine (*see generally Pommells v Perez*, 4 NY3d 566, 574 [2005]). Dr. Hausknecht's conclusory opinion that plaintiff had received "an adequate

course of rehabilitation" and attained "maximal medical improvement" was insufficient, under the circumstances, to explain this gap.

Plaintiff's experts failed to address the opinion of defendants' radiologist that the cervical condition was degenerative in origin due to dessication of the discs, thus negating any triable issue of fact as to serious injury regarding the cervical complaint (*id.* at 579-580). Plaintiff's evidence also failed to establish a medically substantiated, nonpermanent impairment satisfying the 90-out-of-180-day aspect of the claim (*see* Insurance Law § 5102 [d]; *Johnson v Marriott Mgt. Servs. Corp.*, 44 AD3d 450 [2007], *lv denied* 10 NY3d 716 [2008]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Freedman, JJ.