■ SAMANTHA PELUSO, Respondent, v JANICE TAXI CO., INC., et al., Appellants, et al., Defendants. [909 NYS2d 699]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered September 28, 2009, which denied defendants-appellants' motion for summary judgment dismissing the complaint for lack of a serious injury, affirmed, without costs.

On the issue of causation, plaintiff's expert's conclusion that plaintiff sustained injuries as a result of the accident is based on a physical examination of plaintiff just days after the accident and is sufficient to rebut defendants' evidence that the disc bulging revealed on an MRI taken some six weeks after the accident was the result of a preexisting degenerative condition (*see Linton v Nawaz*, 62 AD3d 434 [2009], *affd on other grounds* 14 NY3d 821 [2010]). On the issue of seriousness, plaintiff's expert's conclusion that plaintiff has sustained permanent, significant losses and limitations to her spine is supported by objective evidence, in particular, MRIs revealing injuries to her spine that he qualitatively relates to plaintiff's losses and limitations (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). The motion court properly considered these unsworn MRI reports as they were incorporated into the expert's sworn report (*see Thompson v Abbasi*, 15 AD3d 95, 97 [2005]). Plaintiff adequately explains the gap in treatment by offering proof of the termination of her insurance benefits, and her own statement that she could not continue physical therapy out of pocket (*see Wadford v Gruz*, 35 AD3d 258, 258-259 [2006]). We have considered and rejected defendants' other arguments. Concur—Moskowitz, Freedman and Manzanet-Daniels, JJ.

Friedman, J.P., and Nardelli, J., dissent in a memorandum by Nardelli, J., as follows: Since I believe that plaintiff failed to meet her burden of demonstrating the existence of factual issues as to whether her injuries were the result of a preexisting condition, and thus as to whether she incurred a serious injury, I would reverse and dismiss the complaint.

In moving for summary judgment, defendants Janice Taxi Co. and Nicholas Caamo, the owner and driver, respectively, of the taxicab which was involved in a collision with the vehicle in which plaintiff was driving, offered, inter alia, the affirmed report of Dr. David Milbauer, dated August 5, 2007. He, in turn, referenced an MRI taken of plaintiff's spine, dated March 15, 2005, approximately six weeks after her accident. Dr. Milbauer stated that the MRI showed "[d]iffuse degenerative disc bulging at LS-51 and minor disc bulging . . . elsewhere, without significant compromise of the canal or neural foramina throughout." Dr. Milbauer further concluded, "The examination demonstrates no findings to indicate that a traumatic injury of the lumbar spine was sustained in the accident of February 5, 2005." The doctor then stated, without equivocation, "The disc bulging present is degenerative in etiology and preexists the accident of February 5, 2005."

Plaintiff admittedly had suffered injuries to her neck as a

result of a prior automobile accident, and had instituted a lawsuit in connection with that accident. She also testified at her deposition that she had previously received physical therapy and chiropractic adjustments for work-related back pain, and was a professional football player. In opposition to the motion, plaintiff offered various reports, including one from Dr. Gideon Hedrych dated July 25, 2008, approximately one year after Dr. Milbauer's report. Only this July 25 report postdates the report by Dr. Milbauer. Nowhere in his July 25 report does Dr. Hedrych, even obliquely, refer to or address the findings in Dr. Milbauer's report that the symptoms displayed in the MRI demonstrated only the existence of a preexisting degenerative condition. While Dr. Hedrych opined that plaintiff's symptoms were "causally related to the injuries sustained in the accident of 2/5/05," he did not even attempt to rebut the observation, provided by Dr. Milbauer as a medical conclusion, that plaintiff's symptoms did not result from trauma, but were purely degenerative and preexisted the accident. This failure to address Dr. Milbauer's findings is particularly perplexing in view of plaintiff's admitted prior medical history, as well as her occupation as a professional football player.

The Court of Appeals has made clear that when a showing is made that a "plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff [has] the burden to come forward with evidence addressing defendant's claimed lack of causation" (*Pommells v Perez*, 4 NY3d 566, 580 [2005]). Failure to specifically address a defendant's expert's informed opinion that the condition results from a degenerative condition warrants dismissal, as this Court has noted on many occasions (*see e.g. Eichinger v Jone Cab Corp.*, 55 AD3d 364, 365 [2008]; *Chong Sim Kim v Amaya*, 51 AD3d 487, 488 [2008]).

Thus, since plaintiff, despite having been put on notice by a nonconclusory medical report of defendants' position that her condition was degenerative, and not the result of the accident, did not respond to the proffered evidence on the motion, where the laying bare of her evidence was required, summary judgment dismissing the complaint for want of serious injury should have been granted.