Antiohos v Morrison (2018 NY Slip Op 01671)





Antiohos v Morrison


2018 NY Slip Op 01671


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6027N

[*1] Lampros Nikolas Antiohos by Estelle Reynolds, as Guardian of the Person and Property of Lampros Nikolas Antiohos, Plaintiff-Appellant,
v
Arthur Morrison, Defendant-Respondent, The Law Firm of Daniel M. O'Hara, PLLC, et al., Defendants.


Law Offices of Ira M. Perlman, P.C., Great Neck (Robert D. Rosen of counsel), for appellant.
Arthur Morrison, New York, for respondent.



Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered November 23, 2016, which denied plaintiff's motion for leave to renew his motion for a default judgment against defendant Morrison, unanimously reversed, on the facts, without costs, and, upon renewal, the motion for a default judgment granted. The Clerk is directed to enter judgment accordingly.
Plaintiff's original motion for a default judgment was denied not because plaintiff failed to show defendant Morrison's default but because he failed to submit an affidavit detailing the underlying personal injury action by "a party with personal knowledge of the merits of the claim" (Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006]). In support of his renewal motion, plaintiff submitted his own affidavit as well as a reasonable justification for his failure to submit one with the original motion papers, namely, his cognitive deficits and his inability to read (see CPLR 2221[e]; see generally Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1st Dept 1999] [granting leave to renew motion for a default judgment "upon proper papers"]; Joosten v Gale, 129 AD2d 531, 531 [1st Dept 1987] [same]; see also generally Wattson v TMC Holdings Corp., 135 AD2d 375, 376-377 [1st Dept 1987] [motion to renew motion for leave to amend granted where submission of affidavits by parties with personal knowledge cured procedural deficiency]). As this Court observed in Wattson, "[C]ases should be decided on the merits, wherever possible, and not on the basis of technical procedural requirements" (135 AD2d at 378).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK