Nash v Schopfer (2020 NY Slip Op 05342)





Nash v Schopfer


2020 NY Slip Op 05342


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


397 CA 19-01774

[*1]RICK NASH, PLAINTIFF-APPELLANT,
v
GARY R. SCHOPFER, DDS, DEFENDANT-RESPONDENT. 






COTE & VANDYKE, LLP, SYRACUSE (ROBIN ZIMPEL-FONTAINE OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HANCOCK ESTABROOK, LLP, SYRACUSE (CHRISTINA M. VERRONE JULIANO OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered March 28, 2019. The order granted the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this dental malpractice action seeking damages for injuries allegedly arising from an extraction of plaintiff's tooth performed by defendant. Plaintiff filed a summons and complaint in May 2016. During the next two years, plaintiff failed to respond to defendant's discovery requests and failed to comply with a scheduling order. On September 27, 2018, pursuant to CPLR 3216 (b) (3), defendant served a demand upon plaintiff to file a note of issue within 90 days. Plaintiff, however, did not file the note of issue until January 24, 2019, which was after the 90-day period expired. Plaintiff now appeals from an order granting defendant's motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute. We affirm.
We reject plaintiff's contention that Supreme Court erred in granting defendant's motion. "In order to avoid dismissal for failure to comply with a 90-day demand[, a] plaintiff must show both a justifiable excuse for [the] delay and that he [or she] has a meritorious cause of action" (Nichols v Agents Serv. Corp., 133 AD2d 912, 913 [3d Dept 1987]; see CPLR 3216 [e]). We conclude that, under the circumstances presented, plaintiff's proffered excuse that the delay was caused by a mistake committed by the secretary of plaintiff's attorney is insufficient to establish excusable law office failure (cf. Hawe v Delmar, 148 AD3d 1788, 1788 [4th Dept 2017]).
Moreover, plaintiff exhibited "a pattern of persistent neglect and delay in prosecuting the action" (Malcolm v Rite Aid of N.Y., Inc., 100 AD3d 837, 838-839 [2d Dept 2012]) and failed to "negate[] any inference that [he] intended to abandon [the] action" (Restaino v Capicotto, 26 AD3d 771, 772 [4th Dept 2006]). Viewing "the totality of the relevant circumstances," we conclude that plaintiff "failed to pursue [his] lawsuit with any diligence" and displayed "dilatory tactics and [an] apparent lack of interest" (Nichols, 133 AD2d at 914).
Inasmuch as the court did not abuse its discretion in granting defendant's motion and dismissing the complaint, plaintiff's contention that defendant's service of a 90-day demand waived further discovery (see Witmer v Biehls, 219 AD2d 870, 870 [4th Dept 1995]; Siragusa v Teal's Express, 96 AD2d 749, 749-750 [4th Dept 1983]) is academic.
Finally, we have considered plaintiff's remaining contentions and conclude that they lack merit.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court