**Iken v Bohemian Brethren Presbyt. Church**

2024 NY Slip Op 34274(U)

November 27, 2024

Supreme Court, New York County

Docket Number: Index No. 654614/2017

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

MONICA IKEN, ORDINARY FACES LLC

Plaintiffs,

- v -

BOHEMIAN BRETHREN PRESBYTERIAN CHURCH,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654614/2017 |
| **MOTION DATE** | 11/20/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 125, 126, 127, 128, 129, 130, 131

were read on this motion to _____ RENEW/REARGUE _____.

Defendant/Counter-Plaintiff Bohemian Brethren Presbyterian Church a/k/a Avenue Church NYC f/k/a Jan Hus Presbyterian Church (the "Church" or "Defendant") moves, by Order to Show Cause, pursuant to CPLR 2221 for leave to renew and/or reargue this Court's November 6, 2024 Decision and Order denying Defendant's motion to strike the jury demand (NYSCEF 123 [the "Prior Order"]).  For the following reasons, Defendant's motion is denied.

Under CPLR 2221(d), "[a] motion for leave to reargue … shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion."  A motion to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e]).

**654614/2017   IKEN, MONICA vs. BOHEMIAN BRETHREN**
**Motion No.  004**

**Page 1 of 4**

1 of 4

In opposition to the underlying motion, Plaintiffs' counsel argued, in relevant part, that "Plaintiffs indicated from the very outset of the case, seven years ago, that they intended to demand a trial by jury" and that "Plaintiffs again reiterated in their Note of Issue on June 4, 2024 that they intended to demand a trial by jury" (NYSCEF 121 at p. 7). Plaintiffs' counsel also argued that it was unreasonable for Defendant to not have been aware of the jury waivers set forth in the Lease agreement (*id.*). The Court found Plaintiff had consistently asserted its right to a jury trial, and Defendant had waived its right by failing to seasonably assert its challenge (NYSCEF 123). The Court noted that the jury waiver was set forth in the Lease and was not hidden from Defendant or its counsel (*id.*).

On the motion to renew, Defendant Defendant raises an exchange between Plaintiffs' counsel and the Court at the beginning of the hearing on the Church's motion for partial summary judgment, held on March 21, 2024:

> **MR. NEUMAN**: Yes, Your Honor. We will be happy to file a note of issue, assuming that the case moves forward after today.
> **THE COURT**: And is that a note of issue with or without a jury?
> **MR. NEUMAN**: We would request a jury. I don't believe there was any jury waiver in regard to the claims in this case. So we would request a jury.
> **THE COURT**: So, nothing in the lease about jury or nonjury?
> **MR. NEUMAN**: I remember looking. I don't believe I saw a jury waiver. But I don't think that it would apply to the claims in this case. But I will double check. If there is a jury waiver, obviously we will not request one.

(NYSCEF 107, Transcript at 3:7-21).

This colloquy does not constitute new facts sufficient to meet the high burden to renew. First, it is not "new," as Defendant's counsel admits that he had the transcript in his possession but did not think to review it because it did not have any obvious relevance to issues at hand. While it is true that "the statutory prescription to present new evidence 'need not be applied to

**654614/2017  IKEN, MONICA vs. BOHEMIAN BRETHREN**
**Motion No. 004**

Page 2 of 4

2 of 4

defeat substantive fairness[,]' such treatment is available only in a 'rare case'" (*Henry v Peguero*, 72 AD3d 600, 602 [1st Dept 2010] [citations omitted]). The Court does not find this to be such a "rare case." Indeed, even if the Court were to grant the motion to renew, this would not change the outcome of the Prior Order. The exchange cited by Defendant occurred prior to Plaintiffs filing the Note of Issue requesting a jury, the June 5, 2024 conference where the Court asked whether there was dispute about Plaintiff's Note of Issue, and the September 13, 2024 stipulation setting forth the dates for jury selection, among other things. Thus it does not in any way undercut the Court's ruling that Defendant failed to seasonably raise the issue of a jury waiver in opposition to the longstanding (and never withdrawn) demand for a jury trial. Accordingly, the proffered colloquy would not change the prior determination. Therefore, the motion to renew is denied.

Turning to the motion to reargue, this is also denied. "Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted" (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992]). Defendant has failed to establish that "the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law" (*Pro Brokerage, Inc. v Home Ins. Co.*, 99 AD2d 971 [1st Dept 1984]). The fact that the Court cited relevant Appellate decisions, *CDC Dev. Properties, Inc. v Am. Ind. Paper Mills Supply Co., Inc.* (184 AD3d 625 [2d Dept 2020]) and S*app v Propeller Co. LLC*1 (2 AD3d 218, 219 [1st Dept 2004]) as opposed to *451-453 Park Ave. S. Corp. v LifeLab, LLC* (2023 NY Slip Op 32898[U] [Sup Ct, NY County 2023]) and *Agora Gourmet Foods Inc. v Edge* (2020 NY Slip Op 34564[U] [Sup Ct, Westchester County 2020]) is unpersuasive as those cases contained facts not present here (*451-453 Park Ave*, 2020 NY Slip Op 34564[U], *9 [finding that plaintiff "promptly

**654614/2017   IKEN, MONICA vs. BOHEMIAN BRETHREN**
**Motion No.  004**

**Page 3 of 4**

3 of 4

[* 3]

moved to strike" the jury demand]; *Agora Gourmet*, 2020 NY Slip Op 34564[U], *9 [finding that the plaintiff did not unduly delay the filing of its motion to withdraw its jury demand]).

Accordingly, it is

**ORDERED** that Defendant's motion to renew and/or reargue is **DENIED**.

This constitutes the Decision and Order of the Court.

20241127132906JMCOHEN9C01CA2DA0A9470E8A5DE5696B9C1C89

| 11/27/2024 | | | JOEL M. COHEN, J.S.C. |
| DATE | | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**654614/2017   IKEN, MONICA vs. BOHEMIAN BRETHREN**
**Motion No.  004**

Page 4 of 4

[* 4]