38 F.3d 657
 Robert L. SCHULZ; Dorothy-Louise H. Brokaw; William Van
Allen; Lloyd Wright; Libertarian Party of New
York, Plaintiffs-Appellees,
Carol Berman; Owen T. Smith; Evelyn J. Aquila; Helena M.
Donohue, each individually and in their capacities
as Commissioners of the New York State
Board of Elections, Defendants-Appellees,
v.
Jerry WILLIAMS; Michael Long, Chairman, Conservative Party
of the State of New York; Intervenors-Defendants-Appellants,
New York Civil Liberties Union, Amicus Curiae.
 Nos. 1088, 1091, Dockets 94-9008, 94-9032.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 20, 1994.
Decided Oct. 21, 1994.
 
 Robert L. Schulz, pro se.
 Dorothy-Louise H. Brokaw, pro se.
 Lewis B. Oliver, Albany, NY (Oliver & Oliver, of counsel), for plaintiff-appellee Libertarian Party of New York.
 John F. O'Mara, Elmira, NY (Davidson & O'Mara, of counsel, on the brief), for intervenor-defendant-appellant Michael Long, Chairman, Conservative Party of New York.
 Peter S. Kosinski, Albany, NY (New York State Bd. of Elections), for defendants-appellees Carol Berman, Owen T. Smith, Evelyn J. Aquila, Helena M. Donohue, individually and in their capacities as Com'rs of the New York State Bd. of Elections.
 David L. Gruenberg, Troy, NY, for intervenor-defendant-appellant Jerry Williams.
 Arthur N. Eisenberg, New York City (American Civil Liberties Union, of counsel, on the brief), for amicus curiae, New York Civ. Liberties Union.
 Before: PRATT, LEVAL, and CABRANES, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Libertarian Party of New York, its candidate for governor, and three voters sought a preliminary injunction to enjoin the New York State Board of Elections (the "Board") from enforcing Secs. 6-140 and 5-602 of the New York Election Law and to direct the Board to place the Libertarian candidates on the statewide ballot for the November 8, 1994, elections.
 
 
 2
 The Libertarian Party had circulated a petition seeking the required 15,000 signatures to place its candidates on the statewide ballot. The Board disallowed some of the submitted signatures for failure to specify correctly the Election District ("ED"), Ward, ("W") and Assembly District ("AD") of the signors, as required by Sec. 6-140. The plaintiffs contend that Sec. 6-140 is unconstitutional. They also maintain that Sec. 5-602, which requires that two copies of a county's registered voters list be sent to the county chairman of each major political party, is unconstitutional.
 
 
 3
 On September 28, 1994, the district court issued an order for a preliminary injunction. The court held that the defendant Board had failed to articulate a rational basis for the requirement of the inclusion of the ED, W, and AD information on nominating petitions. The court held that in the age of the widespread use of computers, the inclusion of the ED, W, and AD numbers was not necessary to serve the purposes of the Election Law. The court applied the test for ballot access regulation outlined in Anderson v. Celebrezze, 460 U.S. 780, 789, 103 S.Ct. 1564, 1570, 75 L.Ed.2d 547 (1983), and found that Sec. 6-140 placed an unconstitutional burden on fundamental rights.
 
 
 4
 The court also held that Sec. 5-602 had already been determined to be constitutionally invalid; its predecessor, Sec. 376(5) of the Election Law of 1949 (as amended), had been held unconstitutional in Socialist Workers Party v. Rockefeller, 314 F.Supp. 984, 997 (S.D.N.Y.), aff'd without opinion, 400 U.S. 806, 91 S.Ct. 65, 27 L.Ed.2d 38 (1970).
 
 
 5
 The district court temporarily enjoined the Board from enforcing its determination that the petition was invalid. The court gave the plaintiffs three days to obtain additional nominating signatures and waived the requirement of the provision of the ED, W, and AD numbers. The Board was to determine the validity of the signatures and report back to the court. The court would then fashion an appropriate remedy.
 
 
 6
 On October 5, 1994, the court granted permission to Jerry Williams, the individual who filed an objection to the Libertarian Party's independent nominating petition, and Michael Long, Chairman of the Conservative Party, to intervene. At that time, the court also clarified certain aspects of its earlier order.
 
 
 7
 The intervenors appeal from the grant of the preliminary injunction.
 
 
 8
 Where issues of fact that may be determinative of an application for a preliminary injunction are contested, the district court must conduct some form of hearing before ruling on the motion, so that the opposing party may have a reasonable opportunity to challenge the contested evidence. See Visual Sciences, Inc. v. Integrated Communications, Inc., 660 F.2d 56, 58 (2d Cir.1981). It need not be a full evidentiary hearing conducted in open court, but it must offer the parties a reasonable opportunity to put forth, and to oppose, the disputed evidence.
 
 
 9
 We recognize that, as often happens in election cases, the district court had little time to conduct such a hearing. Nonetheless, in our view, the court did not afford the Board an adequate opportunity to contest plaintiffs' evidence before concluding that a listing of election and assembly districts was unnecessary and therefore represented an unconstitutional burden on the electoral process.
 
 
 10
 Accordingly, we vacate and remand for further proceedings as may be appropriate.