OPINION OF THE COURT
Leland DeGrasse, J.
Plaintiffs in this action challenge the adequacy of New York State’s funding of New York City’s public schools. Trial commenced on October 12, 1999 with plaintiffs asserting two *677 claims: (1) that the State’s school funding mechanisms cause the education afforded students in New York City to fall below the “sound basic education” required by the State Constitution’s education article (NY Const, art XI, § 1); and (2) that the State’s funding mechanisms discriminate against the City’s minority public school students, who comprise approximately 83% of the City’s public school enrollment, in violation of specific implementing regulations of title VI of the Civil Rights Act of 1964. (42 USC § 2000d; 34 CFR 100.3 [b] [1], [2].)
By oral application made in court on November 23, 1999, and letter dated November 19, 1999, plaintiffs seek leave to present the testimony of nonexpert witnesses by affidavit. Witnesses who testify on direct examination in this manner would then be subject to cross-examination and redirect examination in open court. Defendants oppose the application.
The court has heard six weeks of mostly nonexpert testimony in this action. It now appears to the court that a procedure by which direct testimony is submitted by affidavit will significantly shorten the length of the trial of this action. To date, much of the nonexpert witnesses’ testimony has concerned undisputed facts set forth in documents admitted into evidence mostly without objection. Though plaintiffs’ attorneys’ direct examinations have generally been lucid and economical, inevitably certain witnesses have tended to provide discursive responses. While this is a common enough phenomenon in litigation, its effect is magnified here by the sheer number of witnesses likely to be called at trial. Plaintiffs have estimated that they will call as many as 140 nonexpert witnesses. Given the novel issues at stake in this trial, and the vastness of the New York City School District, the court cannot say at this juncture that this number of witnesses is excessive. The testimony presented by plaintiffs thus far has not been repetitive.
The use of affidavits to present direct testimony may help ensure that direct testimony is succinct. It will also likely shorten the amount of time each witness spends on the stand.
Defendants object to the use of affidavits in lieu of direct testimony on the ground that it will allow plaintiffs’ counsel to “craft” testimony. It is not entirely clear what defendants mean by this term, but if defendants mean to imply that the testimony will somehow be less trustworthy if contained in affidavit, the court disagrees. It is a fact of litigation that any competent lawyer prepares her witness for direct testimony to one degree or another — helping to choose the topics, organiza- *678 tian, and sometimes even the phrasing of testimony — and thereby helps to “craft” what the witness says.
Under the procedures specified below, a fact witness shall swear to the truth of his affidavit in open court before undergoing cross-examination. Defendants will continue to be able to test a witness’s direct testimony via cross-examination in open court. To the extent that defendants believe that a witness’s testimony may be impugned because it was “crafted” by plaintiffs’ lawyers, they will have the opportunity to bring this out on cross-examination. The court will be able to assess witnesses’ credibility on cross-examination.
The CPLR and the Uniform Rules for Trial Courts neither expressly allow nor prohibit the use of affidavits in lieu of direct testimony. However, the court finds that it has the power to do so pursuant to CPLR 4011, which empowers the court to “regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum.”
The absence of an explicit enabling provision in the Federal Rules of Civil Procedure has not deterred Federal courts from allowing direct testimony by affidavit. Indeed “[t]he use of written testimony is an accepted and encouraged technique for shortening bench trials.” (See, Phonetele v American Tel. & Tel. Co., 889 F2d 224, 232 [9th Cir 1989], cert denied 503 US 914.) In the Southern District of New York Judges regularly use affidavits in lieu of direct testimony in bench trials. (See, e.g., RNB Garments Philippines v Lau, 1999 WL 796175, 1999 US Dist LEXIS 15545 [SD NY, Oct. 5, 1999, Cote, J.]; Carlisle Ventures v Banco Espanol de Credito, 1998 WL 259928, 1998 US Dist LEXIS 7489 [SD NY, May 21, 1998, Sotomayor, J.], read on other grounds 176 F3d 601; Simon & Schuster v Dove Audio, 970 F Supp 279, 283, n 1 [Sand, J.]; Casa Editrice Bonechi v Weisdorf & Co., 1995 WL 528001, 1995 US Dist LEXIS 12849 [SD NY, Sept. 6, 1995, Schwartz, J.]; Strehle v United States, 860 F Supp 136, 138 [Broderick, J.], affd 54 F3d 765.)
Defendants’ citation to Davis v New York City Hous. Auth. (166 F3d 432) and Schulz v Williams (38 F3d 657) is not persuasive as both of those cases stand for the proposition that a hearing is necessary to resolve issues of fact created by opposing affidavits before a court may issue a preliminary injunction. (Cf, Doherty Assocs. v Saban Entertainment, 869 F Supp 1130, 1132, n 1 [court considers affidavits in lieu of direct examination in preliminary injunction hearing where affiants subject to cross-examination], affd 60 F3d 27.) Under the pro *679 cedure to be used here, witnesses who submit affidavits in lieu of direct testimony shall be available for cross-examination. At the end of trial, the court will have before it transcripts of cross-examination and redirect, not just dueling affidavits.
Defendants will not be prejudiced by the use of affidavits. Indeed, under the procedures set forth below, they will know chapter and verse of a witness’s testimony three business days prior to its introduction. This knowledge can only assist defendants in preparing for cross-examination. While defendants’ cross-examination thus far has been for the most part focused and well organized, it may be that the use of affidavits will reduce the time necessary to cross-examine a witness.
The procedures to be followed will be as set forth in the remainder of this opinion. The court may of course reassess these procedures as the trial progresses.
The parties shall have the right to submit the direct testimony of nonexpert witnesses via affidavit, affidavit supplemented by live testimony, or solely by live testimony. If a witness’s direct testimony shall be presented in whole or in part by affidavit, the affidavit shall be presented to the opposing party and to the court at least three business days prior to the appearance of the witness. The party offering the affidavit shall specify if the affidavit comprises the whole or a part of the witness’s direct testimony. The affidavits shall consist of numbered paragraphs to assist the opposing party to make objections (if necessary) to portions of the affidavit. The facts stated shall be in narrative, as opposed to question and answer, form.
When the witness appears at trial he or she shall take the stand and under oath adopt the affidavit as true and correct. The party offering the affidavit then shall offer the statement as an exhibit, subject to appropriate objections by the opposing party on which the court will then rule. Thereafter cross-examination and any redirect shall proceed in the ordinary course.