■ LORRAINE ROWLEY et al., Respondents, v CARL ZEISS, INC., Appellant. [705 NYS2d 764] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint pursuant to CPLR 3216 based upon plaintiffs' failure to comply with defendant's 90-day demand to file a note of issue. Plaintiffs failed to file a note of issue or to move to vacate the demand or extend the time within which to file and thus, in order to avoid dismissal, plaintiffs were required to demonstrate a justifiable excuse for the delay and a meritorious cause of action (*see, Geise v Wetherill*, 238 AD2d 952; *see also, Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503). The affidavit of plaintiffs' attorney, who lacks personal knowledge of the facts, is insufficient to establish a meritorious cause of action (*see, Barton v County of Monroe*, 92 AD2d 746), and the "generalized details" furnished in plaintiffs' complaint and bill of particulars are likewise insufficient (*Hogan v City of Kingston*, 243 AD2d 981, 982, *lv dismissed in part and denied in part* 91 NY2d 907).

We reject the contention of plaintiffs that no affidavit of merit is required because defendant caused or affirmatively contributed to the delay in filing a note of issue (*cf., Tu Ying Chen v Nash*, 266 AD2d 279; *Schoenhals v Kissing Bridge Corp.*, 96 AD2d 711). Defendant's incomplete response to plaintiffs' document discovery demand was served 18 months prior to service of the 90-day demand upon plaintiffs, who failed to move to compel production of the documents either before or after service of the 90-day notice (*see, Geise v Wetherill, supra*, at 953). (Appeal from Order of Supreme Court, Erie County, Burns, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Pine, Wisner and Hurlbutt, JJ.