■ CAMPAIGN FOR FISCAL EQUITY, INC., et al., Respondents, v STATE OF NEW YORK et al., Appellants. [706 NYS2d 411] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 21, 1999, which denied defendants' motion for a protective order and directed them to produce certain witnesses for videotaped depositions, and order, same court and Justice, entered November 12, 1999, which denied defendants' motion for a protective order prohibiting the extra-judicial dissemination of the contents of said depositions, unanimously modified, on the facts and in the exercise of discretion, to the extent of remanding the matter for in camera review of videotaped depositions before release to determine whether there exists any potential for abuse, and otherwise affirmed, without costs.

This case involves claims that funding of New York City's public schools is inadequate and a violation of our State constitution (*see, Campaign for Fiscal Equity v State of New York*, 86 NY2d 307). This appeal pertains to the State defendants' eve-of-trial motion for a protective order which would have limited plaintiffs to stenographically-transcribed depositions of two "senior State officials" to protect each from "political harassment" and unwanted "publicity." After the IAS Court denied that motion, the State defendants next moved to strictly limit access to any videotapes resulting from these depositions, specifically seeking an injunction prohibiting plaintiffs from releasing such videotapes to the media or making them available through an Internet web site. Defendants further sought to seal any transcripts of those depositions. This second motion was also denied.

While a decision to deny confidentiality protection to disclosures of a party should be upheld if not an improvident exercise of discretion (*Serdaroglu v Serdaroglu*, 209 AD2d 600, 603), the IAS Court should perform an in camera review of any videotapes made by plaintiffs in connection with these depositions before release to ascertain whether there is any potential for abuse as alleged by defendants (*see, Jones v Maples*, 257 AD2d 53, 56).

We have reviewed the other contentions made by defendants and find no merit in them (*see, Savarese v Yonkers Motors*

*Corp.*, 205 AD2d 463). Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ. [*See,* 182 Misc 2d 676.]