■ THOMAS J. WASIELEWSKI et al., Individually and as Parents and Natural Guardians of DANIEL J. WASIELEWSKI, an Infant, Respondents, v TOWN OF CHEEKTOWAGA et al., Appellants. [722 NYS2d 674] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court abused its discretion in denying defendants' motion to dismiss the complaint in this negligence action pursuant to CPLR 3216 based upon plaintiffs' failure to comply with defendants' 90-day demand to file a note of issue (*see, Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 504-505; *Burridge v Gaines*, 281 AD2d 967 [decided herewith]; *see also, Rowley v Carl Zeiss, Inc.,* 270 AD2d 835, *lv denied* 95 NY2d 766; *Geise v Wetherill,* 238 AD2d 952). In response to defendants' demand pursuant to CPLR 3216, plaintiffs neither filed a note of issue within 90 days nor moved to vacate the demand or to extend the time within which to file a note of issue. Thus,

in order to avoid dismissal, plaintiffs were required to demonstrate a justifiable excuse for the delay and a meritorious cause of action (*see, Rowley v Carl Zeiss, Inc., supra; Geise v Wetherill, supra; see also, Baczkowski v Collins Constr. Co., supra,* at 503). Here, the affidavit of plaintiffs' attorney, who lacks personal knowledge of the facts, is insufficient to establish a meritorious cause of action (*see, Rowley v Carl Zeiss, Inc., supra; see also, Barton v County of Monroe,* 92 AD2d 746). The "generalized details" set forth in plaintiffs' verified complaint are likewise insufficient to establish a meritorious cause of action (*Hogan v City of Kingston,* 243 AD2d 981, 982, *lv dismissed in part and denied in part* 91 NY2d 907; *see, Rowley v Carl Zeiss, Inc., supra*). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Dismiss Pleading.) Present—Pigott, Jr., P. J., Kehoe, Burns and Lawton, JJ.