■ Robert C. Rust, Respondent, v Edythe S. Turgeon, Appellant. (Action No. 1.) In the Matter of the Application of Robert C. Rust, Respondent, for Judicial Dissolution of the Roycroft Shops, Inc.; Edythe S. Turgeon, Appellant. (Action No. 2.) [746 NYS2d 223] —Appeal from an order of Supreme Court, Erie County (Makowski, J.), entered November 29, 2001, which denied the motion of defendant-respondent Edythe S. Turgeon seeking, inter alia, to dismiss action No. 1 or to vacate the preliminary injunction granted in action No. 1 by Supreme Court, Erie County, NeMoyer, J.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in part the motion and dismissing the first and second grounds for relief in the special proceeding and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff-petitioner, Robert C. Rust, commenced an action and a special proceeding against defendant-respondent, Edythe S. Turgeon. Turgeon appeals from an order denying her motion for various forms of relief in both matters, the second of which is erroneously referred to as action No. 2 throughout the record.

We conclude that Supreme Court did not abuse its discretion in denying that part of Turgeon's motion seeking to dismiss

the action for failure to resume prosecution. A court retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even when a plaintiff fails to comply with the 90-day requirement and fails to demonstrate a justifiable excuse and a meritorious cause of action (*see generally Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503-504).

We further conclude, however, that the court erred in denying that part of Turgeon's motion seeking either vacatur of the "restraining order" issued in the action or an order requiring an undertaking therein. The parties dispute ownership of an extensive list of "collectibles." Rust sought a preliminary injunction by order to show cause and, after hearing the parties, the court ordered, among other things, that if "either party sells an individual item for $500 or more the attorney for the other party must first approve the sale and in the event that approval is not obtained, either party will contact the Court and the Court shall make the final determination of whether the property can be sold, what the sales price shall be and what shall be done with the proceeds of the sale." No appeal was taken from that order.

The above-cited provision of that order restrains Turgeon from disposing freely of property she claims to own, and similar orders have been characterized as either temporary restraining orders or preliminary injunctions (*see Matter of Rothko,* 43 NY2d 305, 315; *Matter of Mait [Hendler & Murray],* 177 AD2d 366). Although not denominated as such, part of the order granted a temporary restraint after hearing the parties, and thus in effect granted a preliminary injunction (*see generally* CPLR 6311), and an undertaking is mandatory when a preliminary injunction is granted (*see* 6312 [b]). Thus, we conclude that the court should have vacated that part of the order granting a preliminary injunction or fixed an undertaking.

The court also erred in denying that part of Turgeon's motion seeking to dismiss the first and second grounds for relief asserted by Rust in the petition for judicial dissolution of The Roycroft Shops, Inc., both of which allege that Rust is a shareholder with a 50% undivided interest in all of the shares of the corporation (*see* Business Corporation Law § 1104 [a] [2], [3]). Although the corporate ledger shows Rust as owner of 65 shares of stock out of a total of 135 shares issued, Rust contends that the record also contains evidence that the parties agreed to hold all of the shares as joint tenants with right of survivorship. Business Corporation Law § 1104 (a) gives certain rights to "holders of shares representing one-half of the

votes of all outstanding shares of a corporation entitled to vote in an election of directors." Even if Rust were determined to be a joint tenant of all of the shares, his interest would be an undivided interest in all of the shares, and he could not be deemed a holder of one half of the shares as required by Business Corporation Law § 1104 (a).

Finally, we reject Turgeon's contention that the court erred in denying that part of the motion seeking either vacatur of the restraining order issued in the special proceeding or an order requiring an undertaking therein. Business Corporation Law § 1115 (a) authorizes an injunction at any stage of an action or proceeding pursuant to Business Corporation Law article 11 "effective during the pendency of the action or special proceeding or such shorter period as it may specify in the injunction," but section 1115 does not refer to either an undertaking or CPLR article 63. Two of the five restraining paragraphs in the underlying order challenged by Turgeon were modified by the court in the order on appeal to be less restrictive than language explicitly authorized by Business Corporation Law § 1115 (a) (1), (2). The other three, while not explicitly authorized by Business Corporation Law § 1115, maintain the status quo with respect to the corporation's interest in the "Roycroft" name and the "Roycroft Orb" symbol, restrain Turgeon, her son and the corporation from taking action to remove Rust from the corporation's Board of Directors (Board) and from reducing the number of directors, and otherwise order Turgeon, her son and the corporation to maintain the status quo with respect to the Board pending a determination of the petition on the merits. We view those three restraining paragraphs as authorized pursuant to the general equity power of the court in a judicial dissolution proceeding, which is intended to be decided promptly (*see* § 1109; *cf. Matter of Schwartzreich [Bahar],* 136 AD2d 642, 644).

Thus, we modify the order by granting in part the motion and dismissing the first and second grounds for relief in the special proceeding, and we remit the action to Supreme Court, Erie County, either to vacate the de facto preliminary injunction or to fix an undertaking. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.