(December 31, 2002)

■ FRANK D. SEINFELD et al., Appellants, v JAMES D. ROBINSON, III, et al., Defendants. WILLIAM C. RAND, as Objector, Appellant. [755 NYS2d 69] —Order, Supreme Court, New

York County (Stephen Crane, J.), entered March 22, 2001, which, on motions by both sides to confirm in part and reject in part a report of J.H.O. Martin Evans, awarded plaintiffs counsel fees of $453,902.44 plus interest and $58,138.13 in expenses, unanimously affirmed, without costs.

In light of our finding that the nominal defendant corporation benefitted from plaintiffs' litigation (*see Seinfeld v Robinson*, 246 AD2d 291), the motion court properly declined to make no award or only a nominal award of attorneys' fees to plaintiffs' counsel. Contrary to the arguments on the main appeal, the motion court properly exercised its broad power to accept or reject the report of the Judicial Hearing Officer (*see Sage Realty Corp. v Proskauer Rose*, 288 AD2d 14, 15, *lv denied* 97 NY2d 608, *cert denied* 536 US 924; *Interlink Metals v Kazdan*, 222 AD2d 55, 59). The conclusion of the motion court to award counsel fees even though the overall benefit obtained on the corporation's behalf was not very substantial is supported by the record and consistent with this Court's prior decisions in this action (*see Seinfeld, supra*, 246 AD2d at 300; *Seinfeld v Robinson*, 277 AD2d 24) and other legal authority (*see e.g. United Operating Co. v Karnes*, 482 F Supp 1029, 1031-1032). Moreover, the record supports the motion court's conclusion as to the reasonable value of services based on the benefit (*see also id.* at 1032 [benefit to corporation is limiting factor upon the appropriateness of fee]).

Since the right to cross-examine is fundamental (*see State of New York v Metz*, 241 AD2d 192, 199), affidavits should not have been received by the Judicial Hearing Officer from witnesses who were not available for cross-examination in court (*see Campaign for Fiscal Equity v State of New York*, 182 Misc 2d 676, 678), and such affidavits were properly disregarded by the motion court in calculating attorneys' fees. In addition, the motion court properly exercised its discretion by deducting excessive investigation and travel costs. Moreover, the motion court properly denied recovery for efforts spent litigating the fee award (*see Sage Realty, supra*, 288 AD2d at 15; *Savoie v Merchants Bank*, 166 F3d 456, 461; *Mautner v Hirsch*, 32 F3d 37, 39).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Williams, P.J., Tom, Ellerin and Marlow, JJ.