■ AUGUSTINE M. LOSCHIAVO et al., Respondents-Appellants, v DIANA DeBRUYN, as Administrator of the Estate of JEAN D. WEED, Deceased, Defendant, and RICHARD FREEMAN, as Executor of CHARLES S. FREEMAN, Deceased, Appellant-Respondent. [776 NYS2d 416]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered October 15, 2003 in a personal injury action. The order denied plaintiffs' motion for partial summary judgment and cross motion to strike the note of issue of defendant Richard Freeman, as executor of the estate of Charles S. Freeman, deceased, denied the motion of that defendant to dismiss the second amended complaint against him and granted his cross motion for a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs originally commenced this action against Jean D. Weed only, seeking damages for injuries

sustained by plaintiff Augustine M. Loschiavo when Weed's vehicle struck his vehicle. In deposing Weed, however, plaintiffs learned that the accident allegedly occurred when Weed was returning from running an errand for Charles S. Freeman (Freeman), by whom she was allegedly employed as a caretaker. Plaintiffs thereafter filed a second amended complaint adding a cause of action for negligence against Richard Freeman (defendant), as executor of Freeman's estate. Plaintiffs alleged therein that Freeman, who had since died, was vicariously liable for the negligence of Weed, based on the doctrine of respondeat superior "and/or" Vehicle and Traffic Law § 388.

Contrary to the contention of defendant, Supreme Court did not abuse its discretion in denying his motion to dismiss the second amended complaint against him based on plaintiffs' failure to file a note of issue in response to his demand pursuant to CPLR 3216 (b) (3). Plaintiffs' verified bill of particulars sufficiently demonstrated a meritorious cause of action against defendant (*see Pastore v Golub Corp.*, 184 AD2d 827, 828 [1992]; *see generally Wynter v Our Lady of Mercy Med. Ctr.*, 3 AD3d 376 [2004]) and, although plaintiffs' excuse for the failure to file a note of issue was "not strong" (*Wood v Strong Mem. Hosp. of Univ. of Rochester*, 262 AD2d 1054, 1055 [1999]), we note that a court has the discretion to deny a motion to dismiss "when [a] plaintiff tenders even an unjustifiable excuse" (*Baczkowski v D.A. Collins Constr. Co.*, 89 NY2d 499, 504 [1997]; *see Rust v Turgeon*, 295 AD2d 962, 962-963 [2002]). Here, there was no delay on the part of plaintiffs in prosecuting the action and no prejudice to defendant, and we decline to disturb the court's exercise of discretion (*see generally Schneider v Meltzer*, 266 AD2d 801, 802-803 [1999]).

Likewise, the court did not abuse its discretion in granting the cross motion of defendant for a protective order pursuant to CPLR 3103 precluding plaintiffs from using Weed's deposition testimony against him. This action was commenced against defendant in September 2001, after Weed was deposed by plaintiffs, and Weed died in April 2002, before defendant deposed her. Neither Freeman nor defendant was "present or represented at the taking of [Weed's] deposition" (3117 [a] [3]). We agree with defendant that he was thereby deprived of his right to cross-examine Weed on the issue whether she was acting within the scope of her employment at the time of the accident and that her deposition testimony therefore was hearsay with respect to defendant (*see generally People v Settles*, 46 NY2d 154, 166 [1978]). Under those circumstances, the court properly precluded the use of Weed's deposition testimony against defendant

(*see* 3117 [a] [3]; *Claypool v City of New York*, 267 AD2d 33, 35 [1999]; *see also Weinberg v City of New York*, 3 AD3d 489 [2004]; *see generally Seinfeld v Robinson*, 300 AD2d 208, 209 [2002]; *Hill v Arnold*, 226 AD2d 232, 233 [1996]; *Stern v Inwood Town House*, 22 AD2d 650 [1964]).

The court properly denied plaintiffs' motion seeking partial summary judgment determining that Weed was Freeman's employee at the time of the accident and was acting in the scope of her employment, rendering defendant vicariously liable for her negligence. Absent Weed's deposition testimony, there was no evidence before the court on the issue whether Weed was acting within the scope of her employment at the time of the accident. Contrary to plaintiffs' contention, the fact that Weed admitted in her answer that she was acting within the scope of her employment at the time of the accident is not binding on defendant, inasmuch as that admission is competent evidence against Weed only (*see People v Swart*, 273 AD2d 503, 505 [2000], *lv denied* 95 NY2d 908 [2000]; *Matter of Shephard v Ambach*, 68 AD2d 984, 985 [1979]). Plaintiffs therefore failed to meet their initial burden on their motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.