■ LISA A. RESTAINO, as Executrix of MARY E. MURACA, Deceased, et al., Respondents, v WILLIAM N. CAPICOTTO, M.D., et al., Appellants. [808 NYS2d 879]—

Appeals from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered October 9, 2003 in a medical malpractice action. The order, inter alia, denied defendants' cross motions to dismiss the complaint for failure to prosecute pursuant to CPLR 3216.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court did not abuse its discretion in denying defendants' respective cross motions to dismiss the complaint for failure to prosecute pursuant to CPLR 3216 and in granting that part of plaintiffs' motion to strike defendants' 90-day demands. "A court retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even when a plaintiff fails to comply with the 90-day requirement and fails to demonstrate a justifiable excuse and a meritorious cause of action" (*Rust v Turgeon*, 295 AD2d 962, 963 [2002]; *see Davis v Goodsell*, 6 AD3d 382, 383-384 [2004]; *see generally Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504-505 [1997]). Here, plaintiffs

established that their failure to comply with the 90-day requirement was the result of law office failure, i.e., filing but neglecting to serve plaintiffs' motion to strike the demands within the 90-day period (*see generally Pastore v Golub Corp.*, 184 AD2d 827 [1992]), and the efforts of plaintiffs to move the case forward during that period "negated any inference that [they] intended to abandon [the] action" (*Martinisi v Cornwall Hosp.*, 177 AD2d 549, 551 [1991]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.