# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**368**
**CA 16-00415**
PRESENT: PERADOTTO, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

RONALD L. HAWE, PLAINTIFF-APPELLANT,

V                                                              MEMORANDUM AND ORDER

TODD DELMAR, INDIVIDUALLY AND AS AN EMPLOYEE OF
OSWEGO COUNTY, I.E. OSWEGO COUNTY SHERIFF'S
DEPARTMENT, OSWEGO COUNTY SHERIFF'S DEPARTMENT
AND COUNTY OF OSWEGO, DEFENDANTS-RESPONDENTS.

---

SHANLEY LAW OFFICES, OSWEGO (P. MICHAEL SHANLEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (CHRISTOPHER M.
MILITELLO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oswego County (Norman
W. Seiter, Jr., J.), entered December 18, 2015. The order granted the
motion of defendants to dismiss the complaint pursuant to CPLR 3216.

It is hereby ORDERED that the order so appealed from is
unanimously reversed in the exercise of discretion without costs,
defendants' motion is denied, the complaint is reinstated, and the
matter is remitted to Supreme Court, Oswego County, for further
proceedings in accordance with the following memorandum: Plaintiff
commenced this negligence action seeking damages for injuries that he
sustained when defendant Todd Delmar, a deputy sheriff, allegedly
subjected plaintiff to an unlawful arrest and employed excessive
force. Plaintiff further alleged that defendants Oswego County
Sheriff's Department and County of Oswego were negligent because they
did not properly instruct, supervise and control Delmar. Plaintiff
appeals from an order granting defendants' motion to dismiss the
complaint pursuant to CPLR 3216 for failure to prosecute. We reverse.

Plaintiff established a justifiable excuse for his failure to
comply with defendants' 90-day demand in the form of law office
failure, i.e., the postponement of depositions during the 90-day
period due to a necessary medical procedure for plaintiff's attorney,
the assigned paralegal's failure to reschedule before resigning from
the firm, and the subsequent misplacement of the client file without
the case being reassigned (*see Restaino v Capicotto*, 26 AD3d 771, 771-
772; *Charnock v Preferred Mut. Ins. Co.*, 281 AD2d 981, 982). Contrary
to plaintiff's contention, however, the affirmation of his attorney,
"who lacks personal knowledge of the facts, is insufficient to
establish a meritorious cause of action" (*Wasielewski v Town of*

*Cheektowaga*, 281 AD2d 944, 945), and even assuming, arguendo, that his further contention is properly before us (*cf. Nardozzi v Piotrowski*, 298 AD2d 970, 970), we conclude that "[t]he 'generalized details' set forth in plaintiff['s] verified complaint are likewise insufficient" (*Wasielewski*, 281 AD2d at 945).

Nonetheless, " '[a] court retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even when a plaintiff fails to comply with the 90-day requirement and fails to demonstrate a justifiable excuse and a meritorious cause of action' " (*Restaino*, 26 AD3d at 771; *see generally Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503-505). "[W]here discretionary determinations concerning discovery and CPLR article 31 are at issue, [we are] vested with the same power and discretion as [Supreme Court, and thus we] may also substitute [our] own discretion *even in the absence of abuse*" (*Daniels v Rumsey*, 111 AD3d 1408, 1409 [internal quotation marks omitted]; *see generally Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845).

Under the circumstances here, we substitute our discretion for that of the court, and we conclude that dismissal of the complaint is not warranted. Plaintiff's participation in ongoing disclosure that occurred within the 90-day period—namely, the efforts of his attorney to schedule the depositions of defendant Todd Delmar and a sheriff, and his correspondence indicating his desire to reschedule those depositions after his medical procedure—" 'negated any inference that [plaintiff] intended to abandon [the] action' " (*Restaino*, 26 AD3d at 772). Plaintiff thus took steps to resume prosecution of the action (*cf. Baczkowski*, 89 NY2d at 503-504), and the parties demonstrated an intent to proceed with discovery, i.e., by corresponding about rescheduling the depositions, after the 90-day demand was served (*see Altman v Donnenfeld*, 119 AD3d 828, 828). Although there were some delays attributable to plaintiff's attorney and his law office both before and after the 90-day demand, we conclude that "[t]here is no parallel between the circumstances of the instant case and those where CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution, and lack of any tenable excuse for such delay" (*Amanda C.S. v Stearns* [appeal No. 1], 49 AD3d 1227, 1228 [internal quotation marks omitted]). Moreover, there is no indication that defendants have been prejudiced by the delay (*see Altman*, 119 AD3d at 828-829; *Loschiavo v DeBruyn*, 6 AD3d 1113, 1114), and we note that defendants also sought relief short of dismissal inasmuch as they requested, in the alternative, that the court establish a deadline for the completion of discovery and the filing of a note of issue.

Thus, in the exercise of our discretion, we reverse the order and remit the matter to Supreme Court for further proceedings, including establishing a date certain for plaintiff to complete discovery and file a note of issue and certificate of readiness for trial, and imposing a monetary sanction if deemed appropriate (*see generally*

*Baczkowski*, 89 NY2d at 505; *Amanda C.S.*, 49 AD3d at 1228).

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court