Monnin v Clover Group, Inc. (2020 NY Slip Op 05325)





Monnin v Clover Group, Inc.


2020 NY Slip Op 05325


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


267 CA 19-01034

[*1]CASSANDRA MONNIN, PLAINTIFF-APPELLANT,
v
CLOVER GROUP, INC., BRIARCLIFF ASSOCIATES, LP, BRIARCLIFF APARTMENTS AND CLOVER MANAGEMENT, INC., DEFENDANTS-RESPONDENTS. 






LOTEMPIO P.C. LAW GROUP, BUFFALO (BRIAN KNAUTH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered April 24, 2019. The order granted the motion of defendants for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the amended complaint insofar as the amended complaint, as amplified by the bill of particulars, alleges that defendants had constructive notice of a recurring dangerous condition, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on ice on a sidewalk at property owned or managed by defendants. Prior to the incident, plaintiff had been providing home health care for a tenant at the property. Plaintiff fell after she left that tenant's apartment. Defendants moved for summary judgment dismissing the amended complaint, and Supreme Court granted the motion. Plaintiff appeals.
At the outset, we note that plaintiff contends on appeal only that the court erred in granting the motion insofar as the amended complaint, as amplified by the bill of particulars, alleges that defendants had constructive notice of a recurring dangerous condition, and plaintiff has therefore abandoned any other theories of liability (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). It is well settled that " '[a] defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition' " (Wesolek v Jumping Cow Enters., Inc., 51 AD3d 1376, 1378 [4th Dept 2008]).
Even assuming, arguendo, that defendants met their initial burden on the motion (see generally Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1468-1469 [4th Dept 2013]), we conclude that plaintiff raised a triable issue of fact whether defendants had actual knowledge of an ongoing and recurring dangerous condition on the premises (see Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 960-961 [3d Dept 2011]). In opposition to the motion, plaintiff submitted, inter alia, the deposition testimony of the tenant that she had treated on the day of the incident. The tenant testified that, "basically[,] what happens is there's a lot of runoff from the ground over here. When the snow melts the whole area gets flooded and then it freezes, and then you have a solid sheet of ice pretty much over these last few blocks of the sidewalk and then down in the end, right at the end where the parking lot meets the sidewalk. I've actually contacted management many times in regards to that issue." The tenant further testified that, when he contacted the property manager on such occasions prior to the incident, he was told that there was nothing that could be done because "the snow melts, thaws and freezes, and there's nothing [*2]they can do about water." He also noted that he had been living at the property for 11 years, and no steps had been taken during that time to eliminate water from pooling on the sidewalk. We agree with plaintiff that the recurring dangerous condition theory was "readily discernable" from the allegations set forth in her bill of particulars (Shanoff v Golyan, 139 AD3d 932, 934 [2d Dept 2016]; see generally Byrnes v Satterly, 85 AD3d 1711, 1712 [4th Dept 2011]; DaBiere v Craig, 268 AD2d 875, 876 [3d Dept 2000]). We further agree with plaintiff that "[t]his evidence, when considered in a light most favorable to plaintiff, was sufficient to meet her burden of raising a factual question concerning whether the recurring nature of the situation put defendant[s] on constructive notice that a dangerous condition existed [on the premises]" (Black, 80 AD3d at 961; see Knight v Sawyer, 306 AD2d 849, 849 [4th Dept 2003]; Loguidice v Fiorito, 254 AD2d 714, 714 [4th Dept 1998]; Columbo v James River, II, Inc., 197 AD2d 760, 761 [3d Dept 1993]). Finally, we cannot conclude, as matter of law, that plaintiff did not fall in the same location as, or in close proximity to, the area affected by the allegedly recurring condition (cf. Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1402 [4th Dept 2018]; Carpenter v J. Giardino, LLC, 81 AD3d 1231, 1232-1233 [3d Dept 2011], lv denied 17 NY3d 710 [2011]). We therefore modify the order accordingly.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court