Castiglione v Pisanczyn (2023 NY Slip Op 03105)

Castiglione v Pisanczyn

2023 NY Slip Op 03105

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

189 CA 22-01130

[*1]CHRISTINE CASTIGLIONE, PLAINTIFF-RESPONDENT,
v
JAN PISANCZYN, DEFENDANT-APPELLANT. 

BURGIO, CURVIN & BANKER, BUFFALO (HILARY C. BANKER OF COUNSEL), FOR DEFENDANT-APPELLANT.
FRANK M. BOGULSKI, BUFFALO, FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered December 30, 2021. The order denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that she allegedly sustained as a result of a motor vehicle accident. Defendant appeals from an order denying her motion to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute. We conclude under the circumstances of this case that Supreme Court did not abuse its discretion in denying defendant's motion. Even assuming, arguendo, that plaintiff failed to establish a justifiable excuse for any delay and a meritorious cause of action upon failing to comply with defendant's 90-day demand (see CPLR 3216 [e]), we note that, contrary to defendant's contention, "[a] court retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even [under those circumstances]" (Rust v Turgeon, 295 AD2d 962, 963 [4th Dept 2002]; see Hawe v Delmar, 148 AD3d 1788, 1789 [4th Dept 2017]; Amanda C.S. v Stearns [appeal No. 1], 49 AD3d 1227, 1228 [4th Dept 2008]; Restaino v Capicotto, 26 AD3d 771, 771 [4th Dept 2006]; see generally Baczkowski v Collins Constr. Co., 89 NY2d 499, 503-505 [1997]). Here, plaintiff's efforts to move the case forward during the 90-day period, which included reaching a stipulation with defendant to bifurcate the trial, " 'negated any inference that [plaintiff] intended to abandon [the] action' " (Restaino, 26 AD3d at 772; see Hawe, 148 AD3d at 1789). Finally, we further note that "[t]here is no parallel between the circumstances of the instant case and those where CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution, and lack of any tenable excuse for such delay" (Amanda C.S., 49 AD3d at 1228 [internal quotation marks omitted]; see Hawe, 148 AD3d at 1789).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court