Reitzel v Derycke (2023 NY Slip Op 04060)

Reitzel v Derycke

2023 NY Slip Op 04060

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

537 CA 22-01224

[*1]MICHAEL S. REITZEL, PLAINTIFF-APPELLANT,
v
STUART DERYCKE AND JACKLYN DERYCKE, DEFENDANTS-RESPONDENTS. 

GILLETTE & IZZO LAW OFFICE, PLLC, SYRACUSE (JANET M. IZZO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (MAUREEN G. FATCHERIC OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered July 20, 2022. The judgment dismissed the complaint. 
It is hereby ORDERED that the judgment so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this premises liability action seeking damages for injuries he sustained when, while returning to his delivery truck after delivering a package at defendants' home, he allegedly slipped and fell on the snow- and ice-covered gravel driveway and sustained a broken ankle. Plaintiff alleged, inter alia, that defendants were negligent because they maintained their driveway in such a manner whereby the area became icy, frozen, slippery and deteriorated with areas of uneven gravel under the icy surface. Plaintiff now appeals from an order granting defendants' motion for dismissal of the complaint for failure to prosecute pursuant to CPLR 3216 and, in the alternative, for summary judgment dismissing the complaint pursuant to CPLR 3212. We deem the appeal to be taken from the judgment subsequently entered on that order inasmuch as plaintiff's notice of appeal from the order granting summary judgment is "deemed to specify a judgment upon said order entered after service of the notice of appeal and before entry of the order of" this Court (CPLR 5501 [c]).
Initially, we agree with plaintiff that, under the circumstances here, dismissal of the complaint pursuant to CPLR 3216 is not warranted, and we therefore substitute our discretion for that of Supreme Court in that regard. Even assuming, arguendo, that plaintiff failed to establish a justifiable excuse for any delay and a meritorious cause of action upon failing to comply with defendants' 90-day demand (see CPLR 3216 [e]), we note that "[a] court retains discretion to deny a motion to dismiss pursuant to CPLR 3216 even [under those circumstances]" (Rust v Turgeon, 295 AD2d 962, 963 [4th Dept 2002]; see Castiglione v Pisanczyn, — AD3d &mdash, &mdash, 2023 NY Slip Op 03105, *1 [4th Dept 2023]; Hawe v Delmar, 148 AD3d 1788, 1789 [4th Dept 2017]; see generally Baczkowski v Collins Constr. Co., 89 NY2d 499, 503-505 [1997]). Here, plaintiff's "participation in ongoing disclosure that occurred within the 90-day period . . . negated any inference that [plaintiff] intended to abandon [the] action" (Hawe, 148 AD3d at 1789 [internal quotation marks omitted]; see Restaino v Capicotto, 26 AD3d 771, 771-772 [4th Dept 2006]). In addition, "[a]lthough there were some delays attributable to plaintiff's attorney and [her] law office both before and after the 90-day demand," we conclude that "[t]here is no parallel between the circumstances of the instant case and those where CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution, and lack of any tenable excuse for such delay" (Hawe, 148 AD3d at 1789 [internal quotation marks omitted]).
We nonetheless affirm the judgment on the alternative ground that the court properly granted that part of defendants' motion for summary judgment dismissing the complaint. At the [*2]outset, we note that plaintiff does not contend on appeal that defendants created the particular icy condition at that location on the day of his fall, nor does plaintiff contend that defendants had actual or constructive notice of the specific slippery condition upon which plaintiff fell on the day of the incident. Instead, plaintiff contends on appeal only that the court erred in granting that part of defendants' motion seeking summary judgment insofar as the complaint, as amplified by the bill of particulars, alleges that defendants had actual knowledge of an ongoing, recurring dangerous condition in the area of his fall—i.e., that defendants allowed dips and grooves to exist on the gravel driveway on which accumulated snow would melt and freeze as ice in the depressions, and thus that defendants could be charged with constructive notice of the specific recurrence of that condition. Plaintiff has therefore abandoned any other theories of liability (see Monnin v Clover Group, Inc., 187 AD3d 1512, 1513 [4th Dept 2020]).
Defendants nevertheless argue that plaintiff improperly sought to defeat that part of their motion for summary judgment by asserting the recurring dangerous condition theory as a new theory of liability for negligence for the first time in opposition to the motion. Contrary to defendants' argument, however, we agree with plaintiff that "the recurring dangerous condition theory was 'readily discernable' from the allegations set forth in [his complaint and] bill of particulars" (id. at 1514). Thus, with respect to the only theory of liability raised both in opposition to the motion and on appeal, it is well settled that "[a] defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (id. at 1513 [internal quotation marks omitted]; see Wesolek v Jumping Cow Enters., Inc., 51 AD3d 1376, 1378 [4th Dept 2008]).
Here, we conclude that defendants met their initial burden of establishing that they did not have actual knowledge of any ongoing and recurring dangerous condition. Although defendant Stuart Derycke acknowledged during his deposition that snow removal efforts could displace gravel thereby requiring that he rake stone back into the driveway during the spring, defendants each averred in their affidavits submitted in support of the motion that there were no holes or depressions in the driveway and that, prior to plaintiff's fall, they had not received any complaints, violations or citations regarding the condition of the driveway or any complaints about snow or ice on the property (see Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1468-1469 [4th Dept 2013]; cf. Chrisler v Spencer, 31 AD3d 1124, 1125 [4th Dept 2006]; see also Evans v Old Forge Props., Inc., 213 AD3d 1361, 1362 [4th Dept 2023]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
We further conclude that plaintiff, in opposition to the motion, failed to raise a triable issue of fact with respect to whether defendants had actual knowledge of an ongoing and recurring dangerous condition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In particular, plaintiff's assertion that the accident was caused by a recurrent dangerous condition of which defendants had actual knowledge, i.e., the existence of potholes, grooves and dips on which snow would accumulate, melt, and freeze into ice, "is unsupported by any competent evidence, and rests instead on the conclusory, unsubstantiated, and speculative affidavit of his expert, which was insufficient to raise a triable issue of fact" (Coyne v Talleyrand Partners, L.P., 22 AD3d 627, 629 [2d Dept 2005], lv denied 6 NY3d 705 [2006]; see Drissi v Kelly, 30 AD3d 1009, 1010 [4th Dept 2006]; see generally Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130 [2011]). Upon reciting the general characteristics of gravel and referring to unauthenticated photographs of the driveway taken at an unknown time, plaintiff's expert merely concluded to a reasonable degree of engineering certainty that defendants created a hazardous condition on their property by maintaining the gravel driveway with dips and grooves without appropriate repair and by allowing snow and ice to accumulate on the driveway without taking adequate measures to remove the snow and ice prior to the delivery. Plaintiff's expert did not, however, render an opinion on the specific recurrent dangerous condition theory that plaintiff now advances on appeal, i.e., the expert did not suggest that the purported dips and grooves constituted a repeated collection area for melted snow that would re-freeze into ice (see Coyne, 22 AD3d at 629). Moreover, the expert affidavit was otherwise conclusory and speculative. The expert did not inspect the driveway itself; instead, he based his conclusion that the driveway contained dips and grooves on a series of unauthenticated photographs without any indication as to when the photographs were taken relative to the incident or if the photographs substantially depicted the condition of the driveway on the date of the incident (see generally Birmingham v Linden Plaza Hous. Co., 210 AD3d 853, 855 [2d Dept 2022]; Anderson v Weinberg, 70 AD3d 1438, 1439-1440 [4th Dept 2010]). We thus conclude that the expert's [*3]affidavit was insufficient to raise a triable issue of fact (see Mitchell v 423 W. 55th St., 187 AD3d 661, 662 [1st Dept 2020]; Menear v Kwik Fill, 174 AD3d 1354, 1356 [4th Dept 2019]; Landahl v Stein, 162 AD3d 1563, 1563 [4th Dept 2018], lv denied 32 NY3d 915 [2019]; Schneider v Corporate Place, LLC, 149 AD3d 1503, 1504-1505 [4th Dept 2017]).
All concur except Bannister, J., who dissents in part and votes to modify in accordance with the following memorandum: I respectfully dissent in part because, in my view, plaintiff raised an issue of fact whether defendants had actual knowledge of an ongoing and recurring dangerous condition on the property sufficient to defeat defendants' motion for summary judgment (see Monnin v Clover Group, Inc., 187 AD3d 1512, 1513 [4th Dept 2020]). Plaintiff submitted an expert affidavit from a professional engineer who reviewed, inter alia, photographs of the driveway and the depositions of the parties when forming his opinion that dips and grooves existed in the driveway that should have been filled with additional gravel. Specifically, plaintiff's expert explained gravel drives and their inherent need for upkeep and repair and that, despite such a need, defendant Stuart Derycke admitted in his deposition testimony that in 30 years of owning the driveway he did not make any repairs to the driveway, nor did he perform maintenance by adding stone to fill any dips or grooves. I therefore would modify the judgment by denying the motion in part and reinstating the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendants had constructive notice of a recurring dangerous condition (see id. at 1513-1514).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court