Johnson v 300 Sullivan Place LLC (2024 NY Slip Op 24133)

[*1]

Johnson v 300 Sullivan Place LLC

2024 NY Slip Op 24133

Decided on May 1, 2024

Civil Court Of The City Of New York, Kings County

Weisberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 1, 2024
Civil Court of the City of New York, Kings County

Patricia Johnson, Shaneeka Wilson, Lisa Thines, Laura Casey, 
 Susanna Dean Labowitz, Jules Laraque, Tabitha Julien, Victor Taylor, Leigh Metherell, Dale Cumming, Petitioner,

against
300 Sullivan Place LLC, IMK Management LLC, Isaac Heimovits, 
 Boris Evelkin, Nathan Evelkin, New York City Department of Housing Preservation and Development, Respondents.

Index No. 331773/23

Michael L. Weisberg, J.

The ten petitioners in this "HP proceeding/action" allege violations of the New York City Housing Maintenance Code, including harassment. The matter is scheduled for trial. The "HP part" does not have the capacity to complete a trial with ten petitioners while also maintaining a full calendar every day.[FN1]
For this reason and other reasons set forth below, the court will require that direct examination of the parties shall be submitted in affidavit form rather than with live testimony. Rules for making objections to testimony by affidavit will be forthcoming. Cross-examination and re-direct examination will proceed as usual, with live, in-court testimony.
The level of trial practice by experienced attorneys in New York City Housing Court should be better. Parties do not adequately communicate with each other regarding the elements of their claims, how they intend to prove them, and what facts are undisputed. If witnesses are prepared for examination, preparation often occurs in the court's hallways minutes before trial starts. Attorneys do not share with their adversary the exhibits they intend to offer into evidence, do not bring multiple copies of exhibits, and do not pre-mark them for identification before trial commences. Familiarity with common and fundamental rules of evidence is in short supply: e.g., the court has often had to remind attorneys that rarely does it matter if the witness laying the foundation for admission of a photograph took that photograph, if that witness observed what's depicted in the photograph (see People v Patterson, 93 NY2d 80, 84 [1999]); or that merely placing a document into a file cabinet does not transmogrify it into a business record admissible [*2]as an exception to the rule against hearsay.
As a result, trials take longer than ought to be necessary. Combined with the court's calendar, this means that trials are often completed over multiple days sporadically scheduled across multiple months. This state of affairs is detrimental to litigants, who have to spend more time in court, more money on legal fees, and do not obtain prompt resolution of proceedings; to the bench, which has to attempt to evaluate evidence and credibility over an extended period of time, as well as perform time-bending manipulations of its calendar; and to the attorneys, who have to maintain focus on the trial over months, along with countless other matters.
One way to ameliorate this problem is to require that parties submit their direct testimony in affidavit form, in lieu of oral testimony. "Proceeding by affidavit in lieu of direct examination is a well-established practice particularly in bench trials that is used to streamline the trial, and to save costs and time" (S.N. v J.A., 71 Misc 3d 1206[A], 2021 NY Slip Op 50304[U] [Fam Ct, Bronx County 2021]). An earlier example of a New York court's requirement that affidavits be submitted lieu of testimony is Campaign for Fiscal Equity v State of New York, in which the court observed that, while there was no rule (at the time) explicitly authorizing or disallowing the procedure, the court had the power to do so pursuant to CPLR 4011. That section charges the court with "regulat[ing] the conduct of the trial in order to achieve a speedy an unprejudiced disposition of the matter at issue" (182 Misc 2d 676, 678 [Sup Ct, NY County 1999]).
The court further noted that although there was no express rule in the Federal Rules of Civil Procedure permitting the use of direct testimony by affidavit, it is a common practice in federal courts (id.) and an "encouraged technique for shortening bench trials" (id., quoting Phonetele v Am. Tel. & Tel. Co., 889 F.2d 224, 232 [9th Cir 1989]). A current review of the rules for each of the judges sitting in the United States District Court for the Southern District of New York reveals that out of the 47 judges sitting in that court, 27 of them require the use of affidavits instead of live testimony when they hold bench trials (available at www.nysd.uscourts.gov/judges/district-judges).
Respondents oppose the use of affidavits instead of live direct examination testimony, claiming prejudice and that the trial will likely take longer as a result. But as one New York Supreme Court Justice has observed:
"[The use of affidavits] streamlines the presentation of evidence, promotes settlement of complex trial matters, and eases calendar congestion. It also reduces litigation costs, expedites trials, and provides the court with better opportunity to make thoughtful, carefully measured, more informed judgments.
Trials may be scheduled more expeditiously, continuously and for far less trial time. Direct examination by affidavit greatly limits the amount of trial time for experts, other witnesses, attorneys, litigants and the court by removing from actual trial time often lengthy direct examination of a witness. This obviates the need for lengthy delays in selecting trial dates because fewer trial dates are necessary. As there is less need for multiple trial dates and decreased time needed for trial, continuity of trial from its inception to conclusion will be facilitated Direct examination of witnesses by affidavit helps to focus sharply the direct examination, eliminating the need for delay in trial through time unnecessarily spent upon objections to questioning, irrelevant issues and the need for extensive trial notes and transcripts concerning direct examination. It also assists the trier of fact to make a clearer, more accurate and complete trial record" (Protocol for Prepared Direct Examination By Affidavit [Sup Ct, New York County, Part 44] [*3][Hoffman, J.] [www.nycourts.gov/legacypdfs/courts/1jd/supctmanh/Rules/Part44-Direct-By-Affidavit-Protocol.pdf]).
Contrary to Respondents' claim of prejudice, employing this procedure will help, not hinder, their defense. Ordinarily, Respondents would have to conduct cross-examination within minutes of a witness's testimony, and without the benefit of having obtained evidence in discovery. In contrast, being provided Petitioners' testimony days in advance of cross-examination will help Respondents prepare for cross-examination and reduce the time necessary therefor (see Campaign for Fiscal Equity, 182 Misc 2d at 679 [noting that party will know the testimony of the other side "chapter and verse" before conducting cross-examination]).
Finally, as noted at the outset, this court does not have the ability to try this matter in any reasonable manner while also maintaining a full calendar of other cases. In this court's experience, particularly where a cause of action for harassment is alleged, direct examination of a single tenant can take several hours. In a case with ten petitioners the court would have three options. It could clear the calendar of any other cases for many days so that the trial may proceed unimpeded. It could reserve one or more hours per day for the trial, until completion. Or it could conduct the trial in between calling the other cases on the calendar for the day. The first option is not possible, as there are several dozen cases on the calendar each day. The second option would result in the trial taking an unacceptable number of days to complete, while also precluding the court from scheduling other shorter hearings and trials. The third option is simply unacceptable, as disrespectful to the litigants, the attorneys, and the court itself. Requiring direct examination by affidavit is the most fair and reasonable way for the trial to proceed.
Accordingly, it is ORDERED that trial in this matter shall proceed with the use of affidavits in lieu of oral testimony for the direct examination of party-witnesses and those witnesses within the parties' control.
This is the court's decision and order.
Dated: May 1, 2024
Michael L. Weisberg, JHC

Footnotes

Footnote 1:There are 10 "resolution parts" devoted to eviction proceedings in Kings County Housing Court. Eviction proceedings that do not settle are transferred to one of four "trial parts." There is one part—the "HP part"—in the court for actions by the city or tenants to enforce the Housing Maintenance Code. When those cases do not settle, the trial also takes place in the HP part.